UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATE MCKINLEY,<br><br>     Plaintiff,<br><br>  vs.<br><br>PRINCETON UNIVERSITY, JOHN DOES 1-10 (said names being fictitious, real names unknown) and ABC ENTITIES 1-10 (said names being fictitious, real names unknown),<br><br>     Defendant(s) | Civil Action No.:  3:22-cv-5069<br><br><br>CIVIL ACTION |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Kate McKinley ("Plaintiff"), by and through her undersigned counsel, submits the following memorandum in opposition to Defendant's Motion to Dismiss.

## I.      Introduction

This matter involves a wrongful termination and discrimination action between Plaintiff and her former employer, Defendant Princeton University ("Defendant"). Throughout the complaint, Plaintiff has sufficiently plead factual statements regarding her request for a religious accommodation to Defendant's Covid-19 policies, Defendant's rejection of said request, and the subsequent termination by Defendant of Plaintiff to establish a claim of discrimination and retaliation.

The issue of a religious accommodation with respect to policies outside of the Covid-19 vaccine are novel. The Court should not entertain a motion to dismiss on these issues as they are fact sensitive. Defendant asks the Court to declare the Complaint insufficient based on arguments that are more appropriate for an adjudication after discovery. Plaintiff has articulated that Defendant accepted her religious beliefs as valid for the Covid-19 vaccine requirement, but argues that her religious beliefs are insufficient to overcome exemptions from other Covid policies. At this juncture, this is not appropriate. Plaintiff would respectfully request this Court to deny the motion and allow Plaintiff to proceed with the opportunity to prove her claims after discovery.

## II.     Plaintiff's Statement of Facts

Plaintiff was employed as a Budget Analyst for Defendant from May 17, 2017 to her unlawful termination of September 16, 2021. (Complaint ₱12). On or about June 8, 2021, Defendant informed Plaintiff that the COVID-19 vaccination would be a required condition for employment. (Complaint ₱13).   After receiving the notice from Defendant, Plaintiff requested a religious exemption to the COVID-19 vaccination and was granted the exemption on July 19,

2021. (Complaint ₱14).   Shortly thereafter, on or about August 18, 2021, Plaintiff requested an

accommodation to be exempt from Defendant's COVID-19 policies which included asymptomatic

testing, mask requirements, and digital contact tracing due to her religious beliefs. (Complaint

₱15).

On or about August 22, 2021, pursuant to Defendant's request for additional information,

Plaintiff provided said information via email to Romy Riddick from Human Resources.

(Complaint ₱16).   Plaintiff requested the accommodation to the policies due to the asymptomatic

testing requirement for all employees, regardless of vaccination status, and the saliva samples

collecting prohibited genetic information were taken every week. (Complaint ₱17).    Due to

Plaintiff's religious beliefs, she remained unvaccinated for COVID-19 and objected to Defendant's

COVID-19 policies. (Complaint ₱18).

On or about September 3, 2021, Plaintiff's request for a religious accommodation to

Defendant's policies was denied. (Complaint ₱19).   Thereafter, on or about September 10, 2021,

Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission

("EEOC") against Defendant under Charge #524-2021-01400. (Complaint ₱20).   Then on or about

September 16, 2021, Plaintiff was terminated by Defendant. (Complaint ₱21).   Plaintiff received

the Right to Sue Letter from the EEOC on or about May 19, 2022 and filed the instant matter

within the statutory time period. (Complaint ₱22).

### III.    Argument

#### a.  Plaintiff's Complaint Satisfied Federal Pleading Standards

Plaintiff has properly plead sufficient facts to survive Defendant's Motion to Dismiss.  A

motion to dismiss for failure to state a claim upon which relief may be granted must be denied if

the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level".

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). Hercules, Inc. v. Del. Valley Scrap Co., No. 08-4391 (RMB), 2009 U.S. Dist. LEXIS 10261, at *6-7 (D.N.J. Feb. 11, 2009) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

In Plaintiff's Complaint, Plaintiff has provided factual assertions that, when taken as true, gives rise to a reasonable inference that Defendant is liable. Defendant argues that Plaintiff has not met the standard of undue burden or hardship however, this is a question of fact and should not be determined on a Motion to Dismiss. Therefore, Plaintiff's short, factual statements asserting that Defendant failed to accommodate Plaintiff's exemption request based on her previously known religious beliefs, then terminated Plaintiff, is sufficient to satisfy the initial pleading standard.

### i. Counts I and II Should Not be Dismissed

Plaintiff has properly plead a cause of action for Religious Discrimination in Count One and Retaliation in Count Two under Title VII.

### 1. Plaintiff Properly Plead a Cause of Action for Religious Discrimination

Plaintiff has properly plead a cause of action for Religious Discrimination in Count One for Defendant's failure to accommodate based on Plaintiff's religion.

Title VII prohibits discrimination by an employer against an employee because of the employee's religion. 42 U.S.C. § 2000e-2(a)(1). Title VII defines "religion" to include "all aspects

of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business. " 42 U.S.C. § 2000e(j). Under Title VII, in order to establish religious discrimination, the employee must have shown that (1) he held a sincere religious belief that conflicted with a job requirement, (2) he informed his employer of the conflict, and (3) he was disciplined for failing to comply with the conflicting requirement. Shelton v. Univ. of Med. & Dentistry of N.J., 223 F.3d 220, 224 (3d Cir. 2000).

According to the Equal Employment Opportunity Commission, an accommodation would pose an undue hardship if it "would cause more than de minimis cost on the operation of the employer's business".[1] Some factors that would be relevant to create an undue hardship may include the type of workplace, the nature of the employee's duties, the identifiable cost of the accommodation in relation to the size and operating costs of the employer, and the number of employees who will in fact need a particular accommodation. Costs to be considered include not only direct monetary costs but also the burden on the conduct of the employer's business. The EEOC has stated that courts have found undue hardship where the accommodation diminishes efficiency in other jobs, infringes on other employees' job rights or benefits, impairs workplace safety, or causes co-workers to carry the accommodated employee's share of potentially hazardous or burdensome work. Another consideration is whether the proposed accommodation conflicts with another law.

According to the EEOC, in order to establish undue hardship, the employer will need to demonstrate how much cost or disruption a proposed accommodation would involve. An employer cannot rely on potential or hypothetical hardship when faced with a religious obligation that

---

[1] https://www.eeoc.gov/laws/guidance/questions-and-answers-religious-discrimination-workplace

conflicts with scheduled work, but rather should rely on objective information. A mere assumption that many more people with the same religious practices as the individual being accommodated may also seek accommodation is not evidence of undue hardship. If an employee's proposed accommodation would pose an undue hardship, the employer should explore alternative accommodations.

In this case, unlike the Fallon court, Plaintiff's cause of action is regarding the denial of her religious accommodation request to Defendant's Covid-19 policies. Without arguing Plaintiff's entire case on the present motion without discovery, the Complaint contains statements that establish Defendant previously granted Plaintiff a religious exemption for the Covid-19 vaccine. (Complaint ₽14). Thereafter, Plaintiff also pled that once Defendant implemented additional policies regarding Covid-19, Plaintiff again requested a religious exemption. (Complaint ₽15). Following Defendant's inquiry regarding Plaintiff's request, and Plaintiff's subsequent production of reasoning for her religious accommodation, Defendant denied Plaintiff's accommodation request. (Complaint ₽16-19).

In Count One, Plaintiff pled that she identified the religious accommodation request to Defendant and that Defendant had knowledge of the discrimination, however, Defendant failed to take any remedial action. (Complaint ₽26-27). Here, the statements in the factual section as well as County One can lead to a reasonable inference that, while Defendant at first accepted Plaintiff's religious beliefs for the accommodation for the Covid-19 vaccine, they discriminated against Plaintiff when she requested the same accommodation for Defendant's policies.

Thus, Plaintiff has plead sufficient facts in Count One to survive Defendant's motion to dismiss.

### 2.  Plaintiff Properly Plead a Cause of Action for Retaliation

Additionally, Plaintiff has properly plead a cause of action for retaliation in Count Two since she was terminated following her protected activity.

Title VII of the Civil Rights Act of 1964 forbids an employer from retaliating against an employee because of the employee's opposition to "any practice made an unlawful practice" by Title VII, or the employee's participation in "an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).  Thus, to state a viable claim for retaliation, a plaintiff must first establish that he or she opposed an unlawful employment practice or participated in an investigation, proceeding or hearing under Title VII.  A plaintiff alleging that an unfavorable job action is based upon an illegal retaliatory motive in violation of Title VII must first establish that "(1) he was engaged in protected activity; (2) he was [subject to an adverse job action] subsequent to or contemporaneously with such activity; and (3) there is a causal link between the protected activity and the [subsequent adverse job action]." Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997).

In the Complaint, Plaintiff requested a religious accommodation to be exempt from Defendant's COVID-19 policies which included asymptomatic testing, mask requirements, and digital contact tracing due to her religious beliefs. (Complaint ₱15). Once again, the standard at this stage in Plaintiff's action against Defendant is to plead sufficient facts that would lead this Court to a reasonable inference that Defendant retaliated against Plaintiff based on her religion. In Count Two, the Complaint contains statements that Plaintiff requested the accommodation, Defendant denied Plaintiff's religious accommodation request, and then ultimately terminated her for this protected activity. (Complaint ₱30-31).

Therefore, Plaintiff has properly plead the sufficient facts in Count Two needed to pursue a claim for Retaliation in Violation of Title VII based on her religion.

### ii.  Plaintiff's Claims Under the NJLAD Should Not Be Dismissed

Plaintiff's claims in Counts Three and Four for Defendant's violation of the NJLAD should not be dismissed.

The NJLAD's retaliation provision states that is unlawful for, [a]ny person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has sought legal advice regarding rights under this act, shared relevant information with legal counsel, shared information with a governmental entity, or filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act. N.J.S.A. 10:5-12. To establish a claim of retaliation under the NJLAD, a plaintiff must demonstrate by a preponderance of the evidence that: (1) he engaged in a protected activity known to the employer; (2) following the protected activity, the employer made an adverse employment decision towards him; and (3) a causal link exists between the two. Shirden v. Cordero, 509 F. Supp. 2d 461 (D.N.J. 2007) citing Jamison v. Rockaway Tp. Bd. of Educ., 242 N.J. Super. 436, 445, 577 A.2d 177 (App. Div. 1990).

In this case, similar to Plaintiff's Title VII claims, in Count Three of the Complaint it contains sufficient statements to establish her claims under the NJLAD. First, Plaintiff was granted a religious exemption for the Covid-19 vaccine requirement. (Complaint ℙ14). However, when Defendant enforced additional Covid-19 policies, Plaintiff requested another religious accommodation based on the same religion she received her previous accommodation. (Complaint

¶15). This request was denied. (Complaint ¶19). Plaintiff pled in the Count that her religion is a protected class under the NJLAD and that Defendant's denial of her religious accommodation was discriminatory based on her religion. (Complaint ¶35-37).

In the Fourth Count, Plaintiff has met all the of the pleading requirements. First, Plaintiff pled that she engaged in protected activity by requesting the religious accommodation, Defendant terminated Plaintiff, and that the request for the accommodation and termination are causally linked. (Complaint ¶40-41).

Therefore, Plaintiff should be provided the opportunity to conduct discovery to prove her claims and, as such, Counts Three and Four should not be dismissed.

### iii.   Plaintiff's Claims Under GINA Should Not be Dismissed

Lastly, Plaintiff's claim of Defendant's violation of GINA in Count Five should not be dismissed.

GINA makes it "an unlawful employment practice for an employer to fail or refuse to hire, or to discharge, any employee, or otherwise to discriminate against any employee with respect to the compensation, terms, conditions, or privileges of employment of the employee, because of genetic information with respect to the employee." 42 U.S.C. § 2000ff-1(a)(1). Genetic information is defined as "information about —(i) such individual's genetic tests, (ii) the genetic tests of family members of such individual, and (iii) the manifestation of a disease or disorder in family members of such individual." 42 U.S.C. § 2000ff. Therefore, to state a claim for genetic discrimination under GINA, a Plaintiff must allege "(1) that she was an employee; (2) who was discharged or deprived of employment opportunities; (3) because of information from Plaintiff's genetic tests." Leone v. North Jersey Orthopaedic Specialists, P.A., 2012 U.S. Dist. LEXIS 59174, [WL] at * 5 (D.N.J. Apr. 27, 2012).

In this case, Plaintiff pled in County Five enough facts to survive dismissal. First, Plaintiff pled in the Complaint that she was an employee of Defendant. (Complaint ℗12). Next, Plaintiff pled that she was terminated from Defendant (Complaint ℗21). Lastly, Plaintiff pled in the Complaint that Defendant implemented strict Covid-19 testing policies (Complaint ℗15). In Count Five, Plaintiff pled that, following the implementation of the Covid-19 policies for testing that were for all employees, asymptomatic or not, Plaintiff objected to the policies. (Complaint ℗47). Plaintiff also pled that Defendant retaliated against Plaintiff for this objection. (Complaint ℗48). Therefore, Plaintiff's complaint sufficiently pled facts to support Count Five under GINA retaliation.

## IV.    Conclusion

Based on the foregoing reasons, it is respectfully requested that Defendant's Motion to Dismiss be denied in its entirety.

VLASAC & SHMARUK, LLC

By:    _/s/ David E. Cassidy, Esq.___
DAVID E. CASSIDY, ESQ.
NJ Attorney ID #024061996
485B Route 1 South, Suite 120
Iselin, NJ  08830
(732)494-3600
(732) 494-3601
Email: dcassidy@vslaws.com

Dated:  October 24, 2022                    Attorneys for Plaintiff