IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KATE MCKINLEY | : | Civil Action |
| Plaintiff | : | |
| v. | : | No. 3:22-cv-5069-MAS-TJB |
| | : | |
| PRINCETON UNIVERSITY | : | |
| | : | |
| Defendants | : | |
| | : | |

**REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANT, THE TRUSTEES OF PRINCETON UNIVERSITY, TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, The Trustees of Princeton University (the "University" or "Princeton"), respectfully submits this Reply Brief in support of its Motion to Dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**A. Plaintiff Misapprehends the Basis for Princeton's Motion to Dismiss Her Claims, and Still Fails to Articulate Facts Sufficient to State a Claim for Religious Discrimination.**

Plaintiff incorrectly frames Princeton's basis for its motion to dismiss by stating that "Defendant argues that Plaintiff has not met the standard of undue burden or hardship." (See Doc. 6, at p. 4.). Plaintiff then goes on to spend the majority of her briefing addressing undue burden and hardship in order to distract the Court from her failure to meet the most basic pleading requirement for a religious discrimination claim – **the articulation of a sincerely-held religious belief**. Fallon v. Mercy Catholic Med. Ctr., 877 F.3d 487, 490 (3d Cir. 2017) (to establish a Title VII religious discrimination claim a plaintiff must show that she held a sincere religious belief), citing Africa v. Com. of Pa., 662 F.2d 1025, 1032 (3d Cir. 1981). The pleading standards set forth in Ashcroft v. Iqbal require that a complaint state sufficient factual matter, which in the case of a Title VII religious claim includes facts demonstrating a plaintiffs sincerely-held religious

1

belief. 556 U.S. 662, 678 (2009). Nowhere in Plaintiff's complaint or responsive briefing does she articulate any such allegations.

In Africa, the Third Circuit made clear that a belief must be religious in nature, comprehensive in nature (i.e., a belief system and not an isolated teaching), and recognized in the presence of certain formal and external signs. 662 F.2d at 1032 (3d Cir. 1981). The Africa court further stated that "[w]ithout some sort of required showing of sincerity on the part of the individual or organization seeking judicial protection of its beliefs, the first amendment would become a limitless excuse for avoiding all unwanted legal obligations." Id. at 1030.

Following Africa and Fallon, Third Circuit courts have dismissed claims of religious discrimination due to plaintiffs' failures to articulate sufficient facts to support their religious discrimination claims. In Geerlings v. Tredyffrin/Easttown Sch. Dist., No. 21-cv-4024, 2021 U.S. Dist. LEXIS 183966 (E.D. Pa. Sept. 27, 2021), parents sued a school district, claiming that the district policy mandating masks infringed on their constitutional rights and those of their children to practice their respective religions. In support of their opposition to wearing a mask, several parents offered testimony making arguments such as:

- "…people are made in the image of God and it therefore dishonors God to cover our faces. The only part of the body [Plaintiff] Marvin believes should not be covered is the head."
- "the body is a temple and must not be harmed"
- wearing a mask caused "maskne" (mask acne) and sinus illnesses

Id. at *6-7.  In dismissing plaintiffs' claims, the Geerlings court stated that a "way of life, however virtuous and admirable, may not be interposed as a barrier to reasonable state regulation of education if it is based on purely secular considerations; to have the

protection of the Religion Clauses, the claims must be rooted in religious belief." Id. at *16.

Similarly, in Finkbeiner v. Geisinger Clinic, 2022 U.S. Dist. LEXIS 154512 (Pa. M.D. Aug. 26, 2022), the plaintiff sought to be exempted from COVID-19 testing citing that she is a "Christian" with biblical free will. The court rejected plaintiff's claim because she did not articulate what actual religious objection she had to COVID-19 testing. Id. The court found that plaintiff "[s]aying she has "free will" and can therefore do whatever she wants is tantamount to the "blanket privilege" rejected in Fallon." Id.

In Brown v. Children's Hosp. of Phila., the plaintiff's amended complaint was dismissed when she cited an unspecified religious belief in support of her Title VII religious discrimination claim. No. 18-2363, 2018 U.S. Dist. LEXIS 191968, *3 (E.D.Pa. Nov. 9, 2018), aff'd Brown v. Children's Hosp. of Philadelphia, 794 F. App'x 226, 227 (3d Cir. 2020). The court held that the plaintiff had to allege facts identifying a sincerely-held religious belief that conflicted with her job requirement. Id. The court further concluded that the amended complaint did not contain averments of a sincerely-held religious belief that conflicted with defendant's policy of annual flu vaccines. Id.

Here, Plaintiff fails to provide **any allegations** describing the religious nature of her request that she be exempted from wearing a mask in the workplace. She further fails to articulate **any religious basis** for not wanting to participate in Princeton's COVID-19 testing and contact tracing programs. Without these basic averments, Plaintiff's claim of religious discrimination fails as a matter of law. See Fallon, 877 F.3d at 490; Africa, 662 F.2d at 1032; see also Brown, at *3. By allowing Plaintiff to merely cite to correspondence with her former employer, without articulating the contents of her

3

communications discussing the religious basis for her exemption request, would leave the Court guessing as to the nature of her "religious" objections. Moreover, Princeton granting Plaintiff an exemption to the University's vaccine requirement is not at issue in this action. Plaintiff must plainly state in her pleadings why masking and COVID-19 testing run contrary to her sincerely-held religious beliefs, which she has not done. Therefore, Plaintiff's Complaint does not "contain sufficient factual matter…to state a claim to relief that is plausible on is face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Twombly, 550 U.S. at 570.[1]

### B. Plaintiff Misinterprets the Pleading Requirements to Establish a Claim Under the Genetic Information Nondisclosure Act (GINA).

Plaintiff, in her formulaic recitation of the elements of GINA, fails to acknowledge a critical and conspicuously absent aspect of this claim – that she allegedly was deprived of employment opportunities ***because of information from her genetic tests***. Leone v. N. Jersey Orthopaedic Specialists, P.A., Civil Action No. 11-3957 (ES), 2012 U.S. Dist. LEXIS 59174, at *15 (D.N.J. Apr. 27, 2012). Plaintiff has not pled, and cannot plead, that any actions taken by Princeton with respect to her employment were in any way related to the results of genetic testing or specifically because of her genetic makeup. In her Complaint, Plaintiff merely states that she objected to Defendant's collecting her genetic information through COVID-19 testing and that she was terminated after her request for an accommodation was denied. (See Compl., at ¶¶ 17-21.) Plaintiff's opposition to Princeton's Motion to Dismiss does not at all address the

---

[1] Plaintiff's failure to establish a *prima facie* case of discrimination under Title VII necessarily results in rejecting her claims for retaliation under Title VII, and discrimination and retaliation under LAD as discussed in Princeton's Brief in Support of its Motion to Dismiss. (See Doc. 3, Brief at pp. 8-9.)

critical prong necessary to establish a claim under GINA – that adverse action was taken against her on account of her genetic makeup.

### C. Conclusion

For the reasons set forth above, and for the reasons set forth in Princeton's opening Brief in Support of its Motion to Dismiss, Princeton respectfully requests that the Court dismiss with prejudice all claims in the Complaint against it for failure to state a upon which relief may be granted.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Dated:  October 31, 2022

/s/ Leslie Miller Greenspan
Leslie Miller Greenspan, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
*Attorneys for Defendant,*
*The Trustees of Princeton University*

## CERTIFICATE OF SERVICE

    I, Leslie Miller Greenspan, Esquire, hereby certify that on the date set forth below a copy of the foregoing Reply Brief in Support of Defendant, The Trustees of Princeton University's Motion to Dismiss Plaintiff's Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


Dated:  October 31, 2022        /s/ Leslie Miller Greenspan
                                                              Leslie Miller Greenspan, Esquire