**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATE MCKINLEY, <br><br> Plaintiff, <br><br> v. <br><br> PRINCETON UNIVERSITY *et al.*, <br><br> Defendants. | Civil Action No. 22-5069 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Princeton University's ("Defendant") Motion to Dismiss Plaintiff Kate McKinley's ("Plaintiff") Complaint. (ECF No. 3.) Plaintiff opposed (ECF No. 6), and Defendant replied (ECF No. 7). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Defendant's Motion to Dismiss.

**I.   BACKGROUND[1]**

In May 2017, Defendant hired Plaintiff as a Budget Analyst. (Compl. ¶ 12, ECF No. 1.) In June 2021, Defendant informed Plaintiff that the COVID-19 vaccination would be a required condition for continued employment. (*Id.* ¶ 13.) On or about July 19, 2021, Defendant granted Plaintiff a religious exemption from its COVID-19 vaccination requirements.[2] (*Id.* ¶ 14.) Plaintiff

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[2] Plaintiff does not allege the basis for her religious exemption in the Complaint.

then requested to be exempt from Defendant's COVID-19 policies (the "COVID-19 Policies"). (*Id.* ¶¶ 15, 18.) These policies included mask requirements, asymptomatic COVID-19 testing, and contact tracing. *(Id.)* In September 2021, Defendant denied her request for a religious exemption from the COVID-19 Policies. (*Id.* ¶ 19.) In response, one week later, Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission("EEOC") against Defendant. (*Id.* ¶ 20.) Shortly thereafter, Defendant terminated Plaintiff. (*Id.* ¶ 21.)

On August 16, 2022, Plaintiff filed the instant action against Defendant. (*See id.* ¶¶ 24-51.) Plaintiff asserts five Counts: (1) religious discrimination in violation of Title VII of the Civil Rights Act of 1964, ("Title VII"); (2) retaliation in violation of Title VII based on religion; (3) violation of the New Jersey Law Against Discrimination ("NJLAD") based on religion; (4) violation of the NJLAD for unlawful retaliation based on religion; and (5) violation of the Genetic Information Nondiscrimination Act ("GINA"). (*See id.*) Defendant moves to dismiss Plaintiff's Complaint in its entirety for failing to state a cognizable claim for which relief can be granted. (Def.'s Moving Br. 2, ECF 3-2.)

## II.     LEGAL STANDARD

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), *as amended* (June 6, 2011). "First, the [C]ourt must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of

a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed me. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**III.   DISCUSSION**

Plaintiff alleges that Defendant violated Title VII and the NJLAD by (1) failing to accommodate her religious objections to Defendant's COVID-19 policies, and (2) terminating her employment based on, or in retaliation for, her religious objections to the COVID-19 policies. (Compl. ¶¶ 26-27, 30-31, 35-37, 40-41, 48-49.) In so alleging, Plaintiff functionally alleges three subsets of claims: (1) religious discrimination; (2) retaliation; and (3) allegations under GINA. The Court addresses each subset in turn.

  **A.  Religious Discrimination – Counts I and III**

Plaintiff asserts religious discrimination claims under both Title VII and the NJLAD. (*Id.* ¶¶ 24-28, 34-39.) Because the analyses for Title VII and NJLAD claims are the same, the Court

3

will analyze the claims together. *See Cortes v. Univ. of Med. & Dentistry of N.J.*, 391 F. Supp. 2d 298, 311 (D.N.J. 2005) (explaining "[t]he analysis which is applied in Title VII claims is equally applicable to actions brought under other civil rights statutes, and thus the Title VII analysis applies to claims brought under the NJLAD as well." (internal citation omitted)); *see also Hargrave v. County of Atlantic*, 262 F. Supp. 2d 393, 410 (D.N.J. 2003) ("As a general matter, the same basic principles apply when evaluating [a p]laintiff's claims under [Title VII and the NJLAD].").

Under Title VII and the NJLAD, employers are prohibited from discriminating against employees with respect to compensation, terms, conditions, or privileges of employment, based on religion. 42 U.S.C. § 2000e-2(a)(1); N.J. Stat. Ann. § 10:5-12(a). Title VII and the NJLAD further forbid employers from failing to reasonably accommodate an employee's sincerely held religious beliefs. N.J. Stat. Ann. § 10:5-12(q)(1); *see also Fallon v. Mercy Cath. Med. Ctr.*, 877 F.3d 487, 490 (3d Cir. 2017) (citing 42 U.S.C. § 2000e(j)). To establish a *prima facie* case of religious discrimination, a plaintiff must show that (1) she held a sincere religious belief that conflicted with a job requirement, (2) she informed her employer of the conflict, and (3) she was disciplined for failing to comply with the conflicting requirement. *Fallon*, 877 F.3d at 490 (citing *Shelton v. Univ. of Med. & Dentistry of N.J.*, 223 F.3d 220, 224 (3d Cir. 2000)).

Here, Plaintiff's Complaint does not identify or specify any religious belief that prevents her from complying with the COVID-19 Policies. (*See generally* Compl.) Instead, Plaintiff merely alleges threadbare recitals of a religious discrimination cause of action under Title VII and the NJLAD. (*Id.*) Without Plaintiff providing facts showing what sincerely held religious belief she holds that prevented her from complying with the COVID-19 Policies, Plaintiff fails to adequately allege a cognizable claim for religious discrimination, therefore, Defendant's motion is granted

4

insofar as it seeks dismissal of Counts I and III. Plaintiff will be allowed an opportunity to amend her Complaint and allege with particularity a sincerely held religious belief justifying her objections or failure to comply with the COVID-19 Policies.[3]

### B.   Retaliation – Counts II and IV

Plaintiff asserts claims of unlawful retaliation under both Title VII and the NJLAD. (*Id.* ¶¶ 29-33, 40-44.) As in religious discrimination claims, the *prima facie* case for retaliation is the same under Title VII and the NJLAD. *See Stallone v. Camden Cty. Tech. Schs. Bd. of Educ.*, No. 12-7356, 2013 WL 5178728, at *3 (D.N.J. Sept. 13, 2013). Title VII makes it unlawful for an employer to discriminate against an employee "because [s]he has opposed any practice made an unlawful employment practice by [Title VII], or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a); *see also Lombard v. N.J. Dep't of Transp.*, Civ. No. 18-1319, 2018 WL 5617553, at *7 (D.N.J. Oct. 30, 2018). To establish a claim for retaliation under Title VII, a Plaintiff must allege that "(1) [s]he was engaged in protected activity; (2) [s]he was [subject to an adverse job action] subsequent to or contemporaneously with such activity; and (3) there is a causal link between the protected activity and the [subsequent adverse job action]." *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 800 (3d Cir. 2003).

Here, Plaintiff's claims fail to adequately allege a *prima facie* case of retaliation under Title VII or the NJLAD. Plaintiff does not allege that Defendant terminated Plaintiff in retaliation for violating or objecting to COVID-19 Policies and her Complaint contains largely conclusory

---

[3] While Plaintiff alleges that Defendant provided her with a religious exemption to the COVID-19 vaccine, such allegation does not adequately allege that she has a sincerely held religious belief regarding the COVID-19 Policies capable of surviving a motion to dismiss in this case. (Compl. ¶ 14.)

allegations as to Defendant's alleged retaliation. (*See generally* Compl.) Even if the Court assumed Plaintiff's Complaint contains sufficient causal allegations, Courts in this Circuit have held that where a plaintiff opposes COVID-19 mandates by an employer under Title VII and is terminated, the plaintiff fails "to state a claim for religious discrimination . . . or retaliation" without first alleging a sincerely held religious belief. *Winans v. Cox Automotive, Inc.*, No. 22-3826, 2023 WL 2975872, at *3 (E.D. Pa. Apr. 17, 2023) (citation omitted); *see also Blackwell v. Lehigh Valley Health Network*, No. 22-3360, 2023 WL 362392, at *9 n.8 (E.D. Pa. Jan. 23, 2023) (crediting case law finding "an employee fails to state a Title VII retaliation claim based on an employer's denial of a religious accommodation request" where the employee "merely request[s] a religious accommodation" because such act "is not the same as opposing the allegedly unlawful denial of a religious accommodation." (emphasis omitted) (citing *Refat v. Franklin Fin. Servs. Corp.*, 2021 WL 2588789, at *6 n.6 (M.D. Pa. June 23, 2021)). Accordingly, as the Court found above that Plaintiff failed to allege a sincerely held religious belief, Plaintiff's unlawful retaliation claims fail.

For these reasons, Plaintiff's retaliation claims (Counts II and IV) are dismissed, but Plaintiff will be granted an opportunity to amend her Complaint to allege a causal connection between Plaintiff's alleged protected activity and her termination.

### C.     GINA – Count V

Finally, Plaintiff asserts a claim under GINA. (Compl. ¶¶ 45-51.) Defendant contends that Plaintiff fails to state a cause of action under GINA because she fails to plead an adverse action taken against her because of testing results directly associated with her genetic information. (Def.'s Moving Br. 2, 10.) Under GINA, it is unlawful for an employer "to fail or refuse to hire, or to discharge, any employee, or otherwise to discriminate against any employee . . . because of genetic information with respect to the employee." 42 U.S.C. § 2000ff– 1(a). "Genetic information" means information about: "(i) [an] individual's genetic tests, (ii) the genetic tests of family members of such individual, and (iii) the manifestation of a disease or disorder in family members of such individual." 42 U.S.C. § 2000ff– (4)(A). In short, in order to prevail under GINA, Plaintiff needs to show that an employer discriminated against her because of the genetic information it collected from her. *See* 42 U.S.C. § 2000ff-1(a).

Plaintiff fails to allege that Defendant terminated her employment due to her genetic information or that she was classified in a way that deprived her of employment opportunities due to her genetic information. (*See generally* Compl.) In particular, Plaintiff's Complaint fails to allege any facts suggesting her saliva samples collected by Defendant for COVID-19 testing were actually utilized for any purpose other than testing for COVID-19. *See Taylor v. Vanderbilt Univ.*, No. 22-465, 2023 WL 2398761, at *8 (M.D. Tenn. Jan. 23, 2023) (explaining that, in the context of COVID-19 testing, a GINA claim fails where a plaintiff does not "allege that [d]efendant coordinated or otherwise participated in the analysis of her genetic information.") Moreover, Plaintiff has not successfully pled that the COVID-19 tests Defendant mandated she take qualify as genetic tests under GINA. (*Id.* (explaining, for example, that the Vault and Shield T3 tests used

7

to identify COVID-19 are not "genetic tests as defined by GINA").[4] Defendant's motion to dismiss Count VI is therefore granted.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss in its entirety. Plaintiff will be allowed an opportunity to amend her Complaint in a manner consistent with this Memorandum Opinion. An accompanying Order will follow this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] The Court additionally notes that not only are COVID-19 tests a public health safety protocol sanctioned by the CDC and the New Jersey Department of Health, but the EEOC stated that employers can require COVID-19 testing to ensure the safety of other employees. *See generally* EEOC's Guidance, What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEDO Laws, Section A.6

8