UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATE MCKINLEY,<br><br>                Plaintiff,<br><br>vs.<br><br>PRINCETON UNIVERSITY, JOHN DOES 1-10 (said names being fictitious, real names unknown) and ABC ENTITIES 1-10 (said names being fictitious, real names unknown),<br><br>                Defendant(s) | Civil Action No.: 3:22-cv-5069<br><br>CIVIL ACTION<br><br>**AMENDED COMPLAINT WITH JURY DEMAND** |

Plaintiff, KATE MCKINLEY ("Plaintiff"), by and through her undersigned counsel, files this Complaint and Jury Demand against Defendants PRINCETON UNIVERSITY, JOHN DOES 1-10 (said names being fictitious, real names unknown) and ABC ENTITIES 1-10 (said names being fictitious, real names unknown), hereby allege as follows:

### NATURE OF THE CLAIMS

1. This is an action for monetary relief to redress Defendants' unlawful employment practices against Plaintiff, including its discriminatory treatment and harassment of Plaintiff due to her religion and its unlawful retaliation against her after she complained about unlawful discrimination in the workplace in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD").

**JURISDICTIONAL STATEMENT**

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII and GINA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

**ADMINISTRATIVE PROCEDURES**

4. Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII. Plaintiff's EEOC charges arise out of many of the same facts alleged herein.

5. On or about May 19, 2022, Plaintiff received the notice of right to sue issued by the EEOC in connection with the previously filed charge of discrimination. This Complaint has been filed within 90 days of Plaintiff's receipt of her notice of right to sue from the EEOC.

6. Any and all prerequisites to the filing of this suit have been met.

**PARTIES**

7. Plaintiff resides in Ewing, New Jersey and is a former employee of Defendant PRINCETON UNIVERSITY. At all relevant times, Plaintiff was a resident of the State of New Jersey and met the definition of an "employee" under all applicable statutes at the time of her employment.

8. Upon information and belief, Defendant PRINCETON UNIVERSITY, is an educational university in the State of New Jersey, which had the Plaintiff in its employ during the relevant time

periods herein. At all relevant times, Defendant has met the definition of an "employer" under all applicable statutes.

9. At all times relevant hereto, JOHN DOES 1-10 (said names being fictitious, real names unknown) are fictitious names used to identify those individuals which names are presently unknown that engaged in wrongful acts outlined herein and their identities are presently unknown.

10. At all times relevant hereto, ABC ENTITIES 1-10 (said names being fictitious, real names unknown) are fictitious names used to identify those companies which names are presently unknown that engaged in wrongful acts outlined herein and their identities are presently unknown.

**STATEMENT OF FACTS**

11. Plaintiff is a female and former employee of Defendant PRINCETON UNIVERSITY.

12. Plaintiff holds a sincere religious belief that her body is a temple, she decries and does all that she can to abolish any and all abuse against life and Mankind, and decries the suppression of knowledge, wisdom, philosophy, or data which would help Mankind.

13. On or about May 17, 2017, defendant PRINCETON UNIVERSITY hired Plaintiff as a Budget Analyst.

14. On or about June 8, 2021, Defendant informed Plaintiff that the COVID-19 vaccination would be a required condition for employment.

15. On or about July 19, 2021, Defendant provided Plaintiff with a religious exemption to the COVID-19 vaccination.

16. On or about August 18, 2021, Plaintiff requested an accommodation to be exempt from Defendant's COVID-19 policies which included asymptomatic testing, mask requirements, and digital contact tracing due to her religious beliefs.

17. On or about August 22, 2021, pursuant to Defendant's request for additional information, Plaintiff provided said information via email to Romy Riddick from Human Resources.

18. In said email, Plaintiff explained that, due to Plaintiff's sincerely held religious beliefs, the requirement to wear a mask would degrade and humiliate Plaintiff on a daily basis as it would force her to participate in something that is against her beliefs.

19. Additionally, Plaintiff informed Defendant that the requirement to forcibly provide her DNA through the saliva testing to be utilized by other individuals or entities without her knowledge or consent would be disrespectful to her body.

20. Upon information and belief, Defendant's asymptomatic testing was required for all employees, regardless of vaccination status, and the saliva samples collecting prohibited genetic information were taken every week.

21. Due to Plaintiff's religious beliefs, she remained unvaccinated for COVID-19 and objected to Defendant's COVID-19 policies.

22. On or about September 3, 2021, Plaintiff's request for an accommodation was denied.

23. On or about September 6, 2021, Plaintiff emailed Defendant regarding the denial of her accommodation request and questioned the denial as a violation of her civil rights.

24. On or about September 7, 2021, Defendant informed Plaintiff that she would be placed on unpaid administrative leave for five business days to allow her time to contemplate her decision as to whether she would comply with Defendant's COVID-19 policies.

25. On or about September 10, 2021, Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant, Charge #524-2021-01400.

26. On or about September 16, 2021, Plaintiff was terminated by Defendant.

27. On or about May 19, 2022, Plaintiff received the Right to Sue Letter for Charge # 524-2021-01400.

28. Due to Plaintiff's termination, she has suffered mental anguish and economic damages.

## **FIRST CAUSE OF ACTION**

VIOLATION OF TITLE VII—RELIGIOUS DISCRIMINATION

29. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

30. Plaintiff's religious beliefs are sincerely held religious beliefs under TITLE VII.

31. Plaintiff's sincerely held religious beliefs were communicated to Defendant PRINCETON UNIVERSITY.

32. Based on these beliefs, Plaintiff requested an accommodation from Defendant PRINCETON UNIVERSITY's COVID-19 mandates.

33. Plaintiff communicated to Defendant PRINCETON UNIVERSITY's that its Covid-19 requirement to wear a mask would degrade and humiliate Plaintiff on a daily basis as it would force her to participate in something that is against her beliefs and its requirement to provide her DNA through the saliva testing to be utilized by other individuals or entities without her knowledge or consent would be disrespectful to her body.

34. Defendant PRINCETON UNIVERSITY denied Plaintiff's accommodation request despite the sincerely held religious beliefs.

35. During the course of Plaintiff's employment with Defendant PRINCETON UNIVERSITY, the Defendant, by and through its agents and employees, discriminated against the Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of her religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. Seq.

36. Plaintiff complained to her supervisors and spoke with her employer about the discrimination and harassment, and Defendant PRINCETON UNIVERSITY had actual or constructive knowledge of the ongoing discrimination and harassment.

37. Defendant PRINCETON UNIVERSITY failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiff.

38. Defendants PRINCETON UNIVERSITY, JOHN DOES 1-10 (said names being fictitious, real names unknown) and ABC ENTITIES 1-10 (said names being fictitious, real names unknown), discriminated against Plaintiff on the basis of her religion in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

### SECOND CAUSE OF ACTION

RETALIATION IN VIOLATION OF TITLE VII BASED ON RELIGION

39. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

40. Plaintiff's sincerely held religious beliefs were communicated to Defendant PRINCETON UNIVERSITY.

41. Based on these beliefs, Plaintiff requested an accommodation from Defendant PRINCETON UNIVERSITY's COVID-19 mandates.

42. Defendant PRINCETON UNIVERSITY denied Plaintiff's accommodation request despite the sincerely held religious beliefs.

43. Following the denial, Plaintiff questioned and objected to the denial as a violation of her civil rights.

44. In response, Defendant placed Plaintiff on unpaid administrative leave.

45. Shortly after this leave concluded, Defendant terminated Plaintiff.

46. Defendant has violated Title VII by subjecting Plaintiff to retaliation for her protected complaints and opposition to Defendant's discriminatory COVID-19 policies on the basis of her religious beliefs, *inter alia*, denying Plaintiff's request for a religious exemption to the policy and ultimately terminating Plaintiff.

47. As a direct and proximate result of Defendant PRINCETON UNIVERSITY's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

48. As a direct and proximate result of Defendant PRINCETON UNIVERSITY's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

49. Defendant PRINCETON UNIVERSITY's unlawful retaliatory conduct constitutes a willful and wanton violation of Title VII, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## **THIRD CAUSE OF ACTION**

VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION BASED ON PLAINTIFF'S RELIGIOUS BELIEFS

50. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

51. Plaintiff's religious beliefs are a protected class under NJLAD.

52. Plaintiff's sincerely held religious beliefs were communicated to Defendant PRINCETON UNIVERSITY.

53. Based on these beliefs, Plaintiff requested an accommodation from Defendant PRINCETON UNIVERSITY's Covid-19 mandates.

54. Plaintiff communicated to Defendant PRINCETON UNIVERSITY's that its COVID-19 requirement to wear a mask would degrade and humiliate Plaintiff on a daily basis as it would force her to participate in something that is against her beliefs and its requirement to provide her DNA through the saliva testing to be utilized by other individuals or entities without her knowledge or consent would be disrespectful to her body.

55. Defendant PRINCETON UNIVERSITY denied Plaintiff's accommodation request despite the sincerely held religious beliefs.

56. Defendants have discriminated against Plaintiff in violation of the New Jersey Law Against Discrimination by subjecting her to disparate treatment because of her religion, by, *inter alia*, denying her a religious exemption to Defendant's COVID-19 policies.

57. Defendants PRINCETON UNIVERSITY, JOHN DOES 1-10 (said names being fictitious, real names unknown) and ABC ENTITIES 1-10 (said names being fictitious, real names unknown)

treatment of Plaintiff was wrongful and discriminatory in nature, violated the provisions set forth in NJLAD, N.J.S.A. 10:5-1, et seq.

58. As a direct and proximate result of the defendants PRINCETON UNIVERSITY, JOHN DOES 1-10 (said names being fictitious, real names unknown), and ABC ENTITIES 1-10 (said names being fictitious, real names unknown), unlawful discriminatory conduct in violation of NJLAD, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress.

59. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of NJLAD, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION

### NEW JERSEY LAW AGAINST DISCRIMINATION UNLAWFUL RETALIATION BASED ON PLAINTIFF'S RELIGIOUS BELIEFS

60. Plaintiff repeats and realleges each and every allegation of the within paragraphs of this Complaint as if set forth at length herein.

61. Plaintiff's sincerely held religious beliefs were communicated to Defendant PRINCETON UNIVERSITY.

62. Based on these beliefs, Plaintiff requested an accommodation from Defendant PRINCETON UNIVERSITY's Covid-19 mandates.

63. Defendant PRINCETON UNIVERSITY denied Plaintiff's accommodation request despite the sincerely held religious beliefs.

64. Following the denial, Plaintiff questioned and objected to the denial as a violation of her civil rights based on her religious beliefs.

65. In response, Defendant placed Plaintiff on unpaid administrative leave.

66. Shortly after this leave concluded, Defendant terminated Plaintiff.

67. Defendants have violated the New Jersey Law Against Discrimination by subjecting Plaintiff to retaliation for her protected complaints and opposition to Defendant's discriminatory actions on the basis of her religion by, *inter alia*, denying her request for a religious exemption to Defendant's COVID-19 policies and ultimately terminating Plaintiff.

68. Defendants' treatment of Plaintiff was wrongful and discriminatory in nature, violated the provisions set forth in NJLAD, N.J.S.A. 10:5-1, et seq.

69. As a direct and proximate result of the defendants PRINCETON UNIVERSITY, JOHN DOES 1-10 (said names being fictitious, real names unknown), and ABC ENTITIES 1-10 (said names being fictitious, real names unknown), unlawful discriminatory conduct in violation of NJLAD, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress.

70. Plaintiff has been severally injured as a result of such retaliation that she has suffered, and continues to suffer, severe emotional distress, and other such damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including,

    but not limited to, compensation for her severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputation and loss of career fulfillment;

D. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

E. An award of punitive damages;

F. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

G. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

                                VLASAC & SHMARUK, LLC

                     By:    */s/ David E. Cassidy, Esq.*
                             DAVID E. CASSIDY, ESQ.
                             NJ Attorney ID #024061996
                             485B Route 1 South, Suite 120
                             Iselin, NJ  08830
                             (732)494-3600
                             (732) 494-3601
                             Email: dcassidy@vslaws.com
Dated:  May 25, 2023           Attorneys for Plaintiff