UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATE MCKINLEY,<br><br>           Plaintiff,<br><br>   vs.<br><br>PRINCETON UNIVERSITY, JOHN DOES 1-10 (said names being fictitious, real names unknown) and ABC ENTITIES 1-10 (said names being fictitious, real names unknown),<br><br>           Defendant(s) | Civil Action No.: 3:22-cv-5069<br><br>CIVIL ACTION |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, Kate McKinley ("Plaintiff"), by and through her undersigned counsel, submits the following memorandum in opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

**I.     Introduction**

As this Court is aware, this matter involves a wrongful termination and discrimination action between Plaintiff and her former employer, Defendant Princeton University ("Defendant"). After the Court granted Defendant's prior Motion to Dismiss, the Court, in its opinion, permitted Plaintiff to file an Amended Complaint and allege with particularity a sincerely held religious belief justifying her objections or failure to comply with the COVID-19 policies and allege the causal connection between Plaintiff's alleged protected activity and her termination. On May 25, 2023, Plaintiff filed her Amended Complaint in accordance with the Order. Throughout the Amended Complaint, Plaintiff has sufficiently plead factual statements that identify her sincerely held religious belief , her request for a religious accommodation to Defendant's Covid-19 policies, Defendant's rejection of said request, and the subsequent termination by Defendant of Plaintiff to establish a claim of discrimination and retaliation.

As previous argued, the issue of a religious accommodation with respect to policies outside of the COVID-19 vaccine are novel and the Court should not entertain a motion to dismiss on these issues as they are fact sensitive. Defendant asks the Court to declare the Amended Complaint insufficient based on arguments that are more appropriate for an adjudication after discovery. Plaintiff has articulated that Defendant accepted her religious beliefs as valid for the COVID-19 vaccine requirement, but argues that her religious beliefs are insufficient to overcome exemptions from other COVID-19 policies. At this juncture, this is not appropriate. Plaintiff would respectfully

request this Court to deny the motion and allow Plaintiff to proceed with the opportunity to prove her claims after discovery.

## II. Plaintiff's Statement of Facts

Plaintiff was employed as a Budget Analyst for Defendant from May 17, 2017 to her unlawful termination of September 16, 2021. (Complaint ¶13). Around June 8, 2021, Defendant informed Plaintiff that the COVID-19 vaccination would be a required condition for employment. (Complaint ¶14).  After receiving the notice from Defendant, Plaintiff requested a religious exemption to the COVID-19 vaccination and was granted the exemption on July 19, 2021. (Complaint ¶15).  Shortly thereafter, Defendant implemented additional COVID-19 policies for employment which included asymptomatic testing, mask requirements, and digital contact tracing due to her religious beliefs and in response to these policies Plaintiff requested an accommodation to be exempt from said policies. (Complaint ¶16).  These requests were based on Plaintiff's religious beliefs that her body is a temple, she decries and does all that she can to abolish any and all abuse against life and Mankind, and decries the suppression of knowledge, wisdom, philosophy, or data which would help Mankind. (Complaint ¶12).

Following Plaintiff's request for the accommodation, Defendant sought additional information from Plaintiff regarding the accommodation and Plaintiff provided said information via email to Human Resources on or about August 22, 2021. (Complaint ¶17).  In this email, Plaintiff explained that, due to her sincerely held religious beliefs, the requirement to wear a mask would degrade and humiliate her on a daily basis as it would force her to participate in something that is against her beliefs. (Complaint ¶18). Further, Plaintiff informed Defendant that the requirement to forcibly provide her DNA through the saliva testing to be utilized by other

individuals or entities without her knowledge or consent would be disrespectful to her body. (Complaint ¶19).

Due to Plaintiff's religious beliefs, she remained unvaccinated for COVID-19 and objected to Defendant's COVID-19 policies. (Complaint ¶21). On or about September 3, 2021, Plaintiff's request for a religious accommodation to Defendant's policies was denied. (Complaint ¶22). On or around September 6, 2021, Plaintiff emailed Defendant regarding the denial of her accommodation request and questioned the denial as a violation of her civil rights. (Complaint ¶23). The next day, on September 7, 2021, Defendant informed Plaintiff that she would be placed on unpaid administrative leave for five business days to allow her time to contemplate her decision as to whether she would comply with Defendant's COVID-19 policies. (Complaint ¶24).

Thereafter, on September 10, 2021, Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant under Charge #524-2021-01400. (Complaint ¶25). Then on or about September 16, 2021, Plaintiff was terminated by Defendant. (Complaint ¶26). Plaintiff received the Right to Sue Letter from the EEOC on or about May 19, 2022 and filed the instant matter within the statutory time period. (Complaint ¶27).

**III.   Argument**

    **A.  Plaintiff's Complaint Satisfied Federal Pleading Standards**

Plaintiff has properly pleaded sufficient facts to survive Defendant's Motion to Dismiss. A motion to dismiss for failure to state a claim upon which relief may be granted must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level". Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). Hercules, Inc. v. Del. Valley Scrap Co., No. 08-4391 (RMB), 2009 U.S. Dist. LEXIS 10261, at *6-7 (D.N.J. Feb. 11, 2009) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

In Plaintiff's Amended Complaint, Plaintiff has provided factual assertions that, when taken as true, gives rise to a reasonable inference that Defendant is liable. Defendant argues that Plaintiff's religious beliefs are not sincere and there is no causal connection between the her religious beliefs and the termination however, this is a question of fact and should not be determined on a Motion to Dismiss. Therefore, Plaintiff's short, factual statements asserting that Defendant failed to accommodate Plaintiff's exemption request based on her previously known religious beliefs, then terminated Plaintiff, is sufficient to satisfy the initial pleading standard.

### i. Counts I and II Should Not be Dismissed

Plaintiff has properly pleaded a cause of action for Religious Discrimination in Count One and Retaliation in Count Two under Title VII.

### 1. Plaintiff Properly Plead a Cause of Action for Religious Discrimination

Plaintiff has properly plead a cause of action for Religious Discrimination in Count One of the Amended Complaint for Defendant's failure to accommodate based on Plaintiff's religion.

Title VII prohibits discrimination by an employer against an employee because of the employee's religion. 42 U.S.C. § 2000e-2(a)(1). Title VII defines "religion" to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's . . . religious observance or practice without

undue hardship on the conduct of the employer's business. " 42 U.S.C. § 2000e(j). Under Title VII, in order to establish religious discrimination, the employee must have shown that (1) he held a sincere religious belief that conflicted with a job requirement, (2) he informed his employer of the conflict, and (3) he was disciplined for failing to comply with the conflicting requirement. Shelton v. Univ. of Med. & Dentistry of N.J., 223 F.3d 220, 224 (3d Cir. 2000). A "sincere religious belief" is one that (1) addresses "fundamental and ultimate questions having to do with deep and imponderable matters;" (2) are "comprehensive in nature;" and (3) are accompanied by "certain formal and external signs." Africa v. Pennsylvania, 662 F.2d 1025, 1032 (3d Cir. 1981). Traditional religions consider and attempt to come to terms with what could best be described as "ultimate" questions-questions having to do with, among other things, life and death, right and wrong, and good and evil. Id. at 1033.

In this case, unlike the Fallon court, Plaintiff's cause of action is regarding the denial of her religious accommodation request to Defendant's COVID-19 policies. The Amended Complaint contains statements in Count One that establish Defendant previously granted Plaintiff a religious exemption for the COVID-19 vaccine however once additional policies were in place, and Plaintiff again requested a religious exemption, her request was denied. This denial was made despite the fact that Plaintiff explained that, due to her sincerely held religious beliefs, the requirement to wear a mask would degrade and humiliate Plaintiff on a daily basis as it would force her to participate in something that is against her beliefs. (Complaint ¶18).

Defendant attempts to argue that Plaintiff's motivation behind the accommodation is medical rather than religious. However, Plaintiff clearly identifies that the wearing of a mask and being subjected to Defendant's policies would be against her religious belief. Defendant also argues that Plaintiff's religious belief should not be considered a sincerely held belief under the

law. However, Plaintiff's belief falls in line with the holding in Africa wherein the Court found traditional religions consider and attempt to come to terms with what could best be described as "ultimate" questions-questions having to do with, among other things, life and death, right and wrong, and good and evil. Africa at 1033. Clearly, Plaintiff's belief of her body being a temple and decrying the suppression of knowledge, wisdom, and philosophy, or data which would help Mankind is a belief that attempts to come to terms with right and wrong. Since it falls within the definition outlined by the Court, the belief should be considered sincere. At the very least, these disputes alone should be grounds for denying Defendant's motion as these issues would be better served after discovery is exchanged.

Additionally, Plaintiff also pleaded in the Amended Complaint that she informed Defendant that the requirement to forcibly provide her DNA through the saliva testing to be utilized by other individuals or entities without her knowledge or consent would be disrespectful to her body. (Complaint ¶19). Again, this objection to the policy is not medically motivated but rather based on her belief that she previously communicated to Defendant.

Lastly, this case is distinguishable from Ulrich v. Lancaster Gen. Health, which Defendant cites in its motion and relies on due to the similar fact pattern. While the Court in Ulrich dismissed Plaintiff's claim, it did so because Plaintiff did not allege discrimination on the basis of a religious belief and did not set forth a sufficient case of religious discrimination under Title VII. Civil Action No. 22-4945, 2023 U.S.Dist. LEXIS 64750, *2 (E.D.Pa. Apr. 13, 2023). The Court further held that Plaintiff had the opportunity to explain fully the basis upon which she sought an exemption from her employer's testing requirement but failed to do so. Id. In this case, Plaintiff has provided sufficient factual statements in the Amended Complaint which include her religious beliefs, her initial request for an accommodation, her detailed explanation to Defendant about why she sought

the accommodation, her previous accommodation to the COVID-19 vaccine requirement, Plaintiff's formal objection to the policy, and the denial of the accommodation. The facts outlined in the Amended Complaint are sufficient to withstand a motion to dismiss at this juncture.

Also of note in the Ulrich decision was the Court's holding regarding the sincerely held beliefs. The Court noted that it would not be able to dismiss the case based solely on Plaintiff's pleadings in the Complaint. Ulrich at 2. The Court held that since Defendant filed a 12(b)(6) motion, the decision regarding the beliefs would be limited to the pleadings in the Complaint rather than extensive discovery. Id. Since the Court ultimately dismissed the case because Plaintiff did not properly plead her cause of action, this matter is also distinguishable from Ulrich. Due to Plaintiff sufficiently pleading her religious belief in the Amended Complaint, it should survive the present motion and be allowed to proceed with discovery wherein the sincerity of the religious beliefs can be examined.

Thus, Plaintiff has plead sufficient facts in Count One of the Amended Complaint to survive Defendant's motion to dismiss.

### 2. Plaintiff Properly Pleaded a Cause of Action for Retaliation

Additionally, Plaintiff has properly plead a cause of action for retaliation in Count Two of the Amended Complaint since she was terminated following her protected activity.

Title VII of the Civil Rights Act of 1964 forbids an employer from retaliating against an employee because of the employee's opposition to "any practice made an unlawful practice" by Title VII, or the employee's participation in "an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).  Thus, to state a viable claim for retaliation, a plaintiff must first establish that he or she opposed an unlawful employment practice or participated in an investigation, proceeding or hearing under Title VII.  A plaintiff alleging that an unfavorable job

action is based upon an illegal retaliatory motive in violation of Title VII must first establish that "(1) he was engaged in protected activity; (2) he was [subject to an adverse job action] subsequent to or contemporaneously with such activity; and (3) there is a causal link between the protected activity and the [subsequent adverse job action]." Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997).

In the Amended Complaint, Plaintiff pleaded that she requested a religious accommodation to be exempt from Defendant's COVID-19 policies which included asymptomatic testing, mask requirements, and digital contact tracing due to her religious beliefs. (Complaint ⁋16). Once again, the standard at this stage in Plaintiff's action against Defendant is to plead sufficient facts that would lead this Court to a reasonable inference that Defendant retaliated against Plaintiff based on her religion. In Count Two, the Amended Complaint satisfies the requirements under Woodson since it contains statements that 1) Plaintiff's request was protected activity based on her religious beliefs, 2) she was subjected to adverse job actions due to the activity when she was administratively put on leave then terminated for failing to comply, and 3) there was the casual connection between Plaintiff's request for the accommodation based on her religious beliefs and the termination.

Therefore, Plaintiff has properly pleaded the sufficient facts in Count Two needed to pursue a claim for Retaliation in Violation of Title VII based on her religion.

### ii. Plaintiff's Claims Under the NJLAD Should Not Be Dismissed

Similar to Plaintiff's claims in Counts One and Two under Title VII, Plaintiff's claims in Counts Three and Four of the Amended Complaint for Defendant's violation of the NJLAD should not be dismissed.

The NJLAD's retaliation provision states that is unlawful for, [a]ny person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has sought legal advice regarding rights under this act, shared relevant information with legal counsel, shared information with a governmental entity, or filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act. N.J.S.A. 10:5-12. To establish a claim of retaliation under the NJLAD, a plaintiff must demonstrate by a preponderance of the evidence that: (1) he engaged in a protected activity known to the employer; (2) following the protected activity, the employer made an adverse employment decision towards him; and (3) a causal link exists between the two. Shirden v. Cordero, 509 F. Supp. 2d 461 (D.N.J. 2007) citing Jamison v. Rockaway Tp. Bd. of Educ., 242 N.J. Super. 436, 445, 577 A.2d 177 (App. Div. 1990).

In this case, Count Three of the Amended Complaint contains sufficient statements to establish her claims under the NJLAD. First, Plaintiff was granted a religious exemption for the COVID-19 vaccine requirement. (Complaint ¶15). However, when Defendant enforced additional COVID-19 policies, Plaintiff requested another religious accommodation based on the same religion she received her previous accommodation. (Complaint ¶16). This request was then denied on September 3, 2021. (Complaint ¶22). Following the denial, on September 6, 2021, Plaintiff emailed Defendant regarding the denial of her accommodation request and questioned the denial as a violation of her civil rights. (Complaint ¶23).

Plaintiff pled in the Count that her religion is a protected class under the NJLAD and that these beliefs were communicated to Defendant. (Complaint ¶51-52). Plaintiff also pled that she

explained her reasoning for the accommodation to Defendant as wearing a mask would degrade and humiliate Plaintiff on a daily basis as it would force her to participate in something that is against her beliefs and its requirement to provide her DNA through the saliva testing to be utilized by other individuals or entities without her knowledge or consent would be disrespectful to her body. (Complaint ¶53). Following the denial of the accommodation and Plaintiff's non-compliance, Plaintiff pleaded that Defendant discriminated against her by denying her accommodation. (Complaint ¶55-58). This satisfies the requirements and Count III of the Amended Complaint should not be dismissed.

In the Fourth Count of the Amended Complaint, Plaintiff has met all the of the pleading requirements for pleading a count of retaliation under the NJLAD. First, Plaintiff pled 1) that she engaged in protected activity by requesting the religious accommodation to Defendant, 2) there was an adverse employment action against Plaintiff following this protected activity since she was terminated, and 3) that the request for the accommodation and termination are causally linked since the termination occurred after Plaintiff objected to the policies based on her religious beliefs. (Complaint ¶62-66).

Therefore, Plaintiff should be provided the opportunity to conduct discovery to prove her claims and, as such, Counts Three and Four should not be dismissed.

## IV. Conclusion

Based on the foregoing reasons, it is respectfully requested that Defendant's Motion to Dismiss Plaintiff's Amended Complaint be denied in its entirety.

                                           VLASAC & SHMARUK, LLC

                               By:   */s/ David E. Cassidy, Esq.*
                                      DAVID E. CASSIDY, ESQ.
                                       NJ Attorney ID #024061996
                                       485B Route 1 South, Suite 120
                                       Iselin, NJ  08830
                                       (732)494-3600
                                       (732) 494-3601
                                       Email: dcassidy@vslaws.com

Dated:  June 30, 2023                         Attorneys for Plaintiff