**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| KATE MCKINLEY, | : | Civil Action |
| Plaintiff, | : | No. 3:22-cv-5069-MAS-TJB |
| v. | : | |
| PRINCETON UNIVERSITY, | : | |
| Defendants. | : | |

**REPLY BRIEF IN SUPPORT OF THE MOTION OF DEFENDANT,
THE TRUSTEES OF PRINCETON UNIVERSITY,
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, The Trustees of Princeton University (the "University" or "Princeton"), respectfully submits this Reply Brief in support of its Motion to Dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Contrary to Plaintiff's contention, courts in the Third Circuit routinely grant motions to dismiss when the Complaint fails to state a claim for a religious exemption, as Plaintiff does here. For the reasons set forth below, and for the reasons set forth in Princeton's opening Brief in Support of its Motion to Dismiss the Amended Complaint, Plaintiff fails to meet the minimum federal pleading standards, and her Amended Complaint should be dismissed with prejudice.

**A. Plaintiff Fails to Distinguish <u>Fallon</u> and <u>Ulrich</u> From the Present Action, Matters Which Support Dismissal of Plaintiff's Claims.**

The case of <u>Fallon v. Mercy Catholic Med. Ctr.</u>, 877 F.3d 487 (3d Cir. 2017) is determinative here, and Plaintiff cannot run from it, as she attempts to do in her opposition. Plaintiff incorrectly contends that this matter can be distinguished from the <u>Fallon</u> court's dismissal of a Title VII religious discrimination claim because the Third Circuit did not address the issue in the context of COVID-19 policies. (<u>See</u> Doc. 14, at p.

6.) Instead, the question here is whether the full extent of Plaintiff's purported religious exemption request is actually a request to be exempted from masking and testing for medical and efficacy reasons. A plain reading of Plaintiff's written exemption request shows that while Plaintiff repeatedly intertwines buzz words such as "My body is my temple" and "I decry an abuse against Mankind," she unequivocally objects to masking and testing due to her belief that she will be placed at risk of physical harm and that FDA approved tests cannot distinguish between COVID-19 and Influenza. (See Doc. 12, at Exhibit A.)  As a result, the Third Circuit's holding in Fallon is squarely applicable here, regardless of the infectious disease at issue. Fallon, 877 F.3d at 488.

Plaintiff's contention that collection of her DNA through saliva violates her religious beliefs is equally unavailing. (See Doc. 14, at p. 7.)  The crux of her complaint is that this practice would be disrespectful to her body. (Id.; see also Doc. 11, Am. Compl. at ¶ 19.)[1]  The Fallon court addressed the same allegation stating that:

> [The plaintiff] then applies one general moral commandment (which might be paraphrased as, **"Do not harm your own body"**) to come to the conclusion that the flu vaccine is morally wrong. This one moral commandment is an "isolated moral teaching"; by itself, it is not a comprehensive system of beliefs about fundamental or ultimate matters.

877 F.3d at 492 (emphasis added); see also Africa v. Pennsylvania, 662 F.2d 1025, 1032 (3d Cir. 1981) ("The notion that all of life's activities can be cloaked with religious significance is, of course, ... [not] foreign to .. established religions. Such a notion by itself, however, cannot transform an otherwise secular, one-dimensional philosophy into comprehensive theological system…").

---

[1] Princeton accepts as true Plaintiff's DNA collection allegations solely for the purposes of its Motion to Dismiss the Amended Complaint.

2

Because claims on par with Plaintiff's have been expressly rejected by the Third Circuit, Plaintiff attempts to resuscitate her claims by conflating her prior request to be exempted from Princeton's vaccination requirement, with the request placed at issue here – to be free from masking and testing. (See Doc. 14, at pp. 3 and 6.)  As discussed in Princeton's Motion to Dismiss the Amended Complaint, Plaintiff intentionally withheld from her pleading the fully articulated basis for her religious exemption to masking and testing, only to vaguely assert that "her body is a temple" and that she decries "any and all abuse to life and Mankind…" (See Doc. 12, Brief at p. 4.)  Plaintiff now attempts to apply the same vague and conclusory allegations to her request for an exemption to Princeton's vaccine policy, which is not a claim raised in Plaintiff's Amended Complaint. (See Doc. 11, Am. Compl. at ¶¶ 33 and 54.)

Even so, the court in Ulrich v. Lancaster Gen. Health, Civil Action No. 22-4945, 2023 U.S.Dist. LEXIS 64750, *1-2 (E.D.Pa. Apr. 13, 2023) addressed this issue head-on when it dismissed a claim for Title VII religious discrimination for a plaintiff who was granted a religious exemption to her employer's COVID-19 vaccination mandate.  Just as in the present matter, the plaintiff followed up with a separate and distinct alleged religious request to be exempted from COVID-19 masking and testing requirements. Id. at *2.  The Ulrich court rejected the plaintiff's exemption request, stating that alleged opposition to COVID testing based on religion is not protectable in light of relevant law. Id. at *11, citing Fallon, at 490.

Plaintiff further attempts to distinguish this present matter from Ulrich by pointing to the court's holding that the question of whether a religious belief is "sincerely held" is one that is more appropriately addressed at summary judgment. (See Doc. 14, at p. 8.)

3

Plaintiff, however, misapprehends the basis for the Ulrich court's dismissal of the purported "religious" objection to COVID-19 testing. The court did not address whether the plaintiff's belief was sincerely held because it already concluded that the plaintiff's objections were not religious in nature. Ulrich, at *15 ("...testing itself does not rely on faith or a mystical belief regarding the testing procedure or its results. It has no more "quasi-religious" element than any other areligious procedure which involves the repetition of certain steps in the same order, such as toothbrushing, or the handwashing "ritual" performed by restaurant workers after they use the washroom.")

### B. Plaintiff Incorrectly Contends that the Issues Presented in this Matter are "Novel" and Require a Fact-Sensitive Analysis.

Following Africa and Fallon, Third Circuit courts have dismissed claims of religious discrimination – on motions to dismiss – due to plaintiffs' failures to articulate sufficient facts to support their religious discrimination claims. In Brown v. Children's Hosp. of Phila., No. 18-2363, 2018 U.S. Dist. LEXIS 191968, *3 (E.D. Pa. Nov. 9, 2018), aff'd 794 F. App'x 226, 227 (3d Cir. 2020), the court granted a motion to dismiss plaintiff's amended complaint because she cited an unspecified religious belief in support of her Title VII religious discrimination claim. The court held that the plaintiff's allegation that the flu vaccine did more harm than good did not meet the requirement that she allege facts identifying a sincerely-held religious belief that conflicted with her job requirement. Id.

In addition to the district court cases cited in Princeton's Brief in Support of its Motion to Dismiss the Amended Complaint, several other matters related to COVID-19 mitigation policies have been brought and dismissed at the pleadings stage with similar fact patterns as the case at bar.  In Geerlings v. Tredyffrin/Easttown Sch. Dist., No. 21-

4

cv-4024, 2021 U.S. Dist. LEXIS 183966 (E.D. Pa. Sept. 27, 2021), parents brought a preliminary injunction against a school district, claiming that the district policy mandating masks infringed on their constitutional rights and those of their children to practice their respective religions. In support of their opposition to wearing a mask, several parents offered testimony making arguments such as:

- "…people are made in the image of God and it therefore dishonors God to cover our faces. The only part of the body [Plaintiff] Marvin believes should not be covered is the head."
- "the body is a temple and must not be harmed"
- wearing a mask caused "maskne" (mask acne) and sinus illnesses.

Id., at *6-7.  In denying the injunction and dismissing plaintiffs' claims, the Geerlings court stated that a "way of life, however virtuous and admirable, may not be interposed as a barrier to reasonable state regulation of education if it is based on purely secular considerations; to have the protection of the Religion Clauses, the claims must be rooted in religious belief." Id. at *16.

Similarly, in Finkbeiner v. Geisinger Clinic, No. 4:21-cv-01903, 2022 U.S. Dist. LEXIS 154512 (M.D. Pa. Aug. 26, 2022), the plaintiff sought to be exempted from COVID-19 testing citing that she is a "Christian" with biblical free will.  On a motion to dismiss, the court rejected the plaintiff's claim because she did not articulate what actual religious objection she had to COVID-19 testing. Id.  The court found that plaintiff "[s]aying she has 'free will' and can therefore do whatever she wants is tantamount to the 'blanket privilege' rejected in Fallon." Id.

Here, Plaintiff's objections to masking and testing are not religious in nature, as it is evident from a plain reading of her exemption request, when she questioned the effectiveness of, and relays her perceived health detriments to, participating in

5

Princeton's COVID-19 mitigation protocols. Plaintiff has thus failed to state in her pleadings that masking and COVID-19 testing run contrary to her sincerely-held religious beliefs. Therefore, Plaintiff's Amended Complaint does not "contain sufficient factual matter…to state a claim to relief that is plausible on is face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Twombly, 550 U.S. at 570.[2]

### C. Conclusion

For the reasons set forth above, and for the reasons set forth in Princeton's opening Brief in Support of its Motion to Dismiss the Amended Complaint, Princeton respectfully requests that this Court dismiss with prejudice all claims in the Amended Complaint for failure to state a upon which relief may be granted.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Dated: July 7, 2023

/s/ Dimitrios Mavroudis
Leslie Miller Greenspan, Esquire
Dimitrios Mavroudis, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
*Attorneys for Defendant,*
*The Trustees of Princeton University*

---

[2] As this Court recognized in its Memorandum Opinion dismissing Plaintiff's Complaint, Third Circuit courts have held that plaintiffs who fail to allege sincerely held religious beliefs sufficient to state a claim for religious discrimination, also fail to state a claim for retaliation under Title VII. (See Doc. 9, at p. 6.) Because Plaintiff still fails to set forth sufficient allegations that she held a sincere religious belief for being exempted from Princeton's masking and testing policies, her claim for retaliation must also be dismissed.