**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATE MCKINLEY, <br><br> Plaintiff, <br><br> v. <br><br> PRINCETON UNIVERSITY *et al.*, <br><br> Defendants. | Civil Action No. 22-5069 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Princeton University's ("Defendant" or "University") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12.) Plaintiff Kate McKinley ("Plaintiff") opposed (ECF No. 14), and Defendant replied (ECF No. 15). The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion is granted.

**I.    BACKGROUND**

This case arises out of Plaintiff's employment with Defendant from May 2017 until September 2021. (Am. Compl. ¶¶ 13, 26, ECF No. 11.) The factual background of this matter is explained in this Court's Memorandum Opinion dated April 28, 2023 ("April 2023 Opinion"). (April Op., ECF No. 9.) The Court incorporates the April 2023 Opinion's factual background by reference. The relevant procedural history is as follows.

In the April 2023 Opinion, the Court dismissed all five Counts of Plaintiff's Complaint pursuant to Defendant's motion to dismiss. (*Id.* at 8.) Specifically, the Court found that the original Complaint failed to state a claim for religious discrimination or retaliation because Plaintiff failed to "provide facts showing what sincerely held religious belief she holds that prevented her from complying with the COVID-19 policies." (*Id.* at 4-6.) The Court granted Plaintiff leave to amend her claims, which Plaintiff did by filing an Amended Complaint on May 25, 2023. (*See generally* Am. Compl.)

The Amended Complaint reasserts the following four causes of action: (1) religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); (2) retaliation based on religion in violation of Title VII; (3) violation of the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1 *et seq.* ("NJLAD"), based on religion; and (4) retaliation based on religion in violation of the NJLAD. (*Id.* ¶¶ 29-70.)

Plaintiff now asserts in the Amended Complaint that she "holds . . . sincere religious belief[s] that her body is a temple, [that] she decries and does all that she can to abolish any and all abuse against life and Mankind, and [that she] decries the suppression of knowledge, wisdom, philosophy, or data which would help Mankind." (*Id.* ¶ 12.) In outlining this alleged sincere religious belief, Plaintiff notes that after Defendant granted Plaintiff a religious exemption from the University's COVID-19 vaccination requirement, Plaintiff sought further exemption, based on her religious beliefs, from the University's COVID-19 policies, including asymptomatic testing, mask requirements, and digital contact tracing ("COVID-19 Policies"). (*Id.* ¶¶ 15-17.) For instance, Plaintiff informed defendant in an August 22, 2021 email correspondence that Defendant's mask requirement would "degrade and humiliate Plaintiff on a daily basis as it would force her to participate in something that is against her beliefs." (*Id.* ¶ 18.) Further, the Amended Complaint provides that Plaintiff informed Defendant that Defendant's policy requiring

2

asymptomatic testing would be "disrespectful to her body" because it would "forcibly provide her DNA through the saliva testing to be utilized by other individuals or entities without her knowledge or consent." (*Id.* ¶ 19.) The instant motion ensued.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2)[1] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant was unlawfully harmed. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

3

### III. DISCUSSION[2]

Defendant argues that Plaintiff's Amended Complaint should be dismissed in its entirety as Plaintiff failed to cure the deficiencies outlined by the Court in the April 2023 Opinion. (Def.'s Moving Br. 1, ECF No. 12-2.) The Court agrees.

#### A. Religious Discrimination (Counts I and III)

Counts I and III of the Amended Complaint assert that Defendant violated Title VII and the NJLAD by denying Plaintiff's request to accommodate her religious objections to the COVID-19 Policies. (Am. Compl. ¶¶ 29-38, 50-59.)[3]

To establish a *prima facie* case of religious discrimination, a plaintiff must show that: (1) she held a sincere religious belief that conflicted with a job requirement; (2) she informed her employer of the conflict; and (3) she was disciplined for failing to comply with the conflicting requirement. *Fallon v. Mercy Cath. Med. Ctr.*, 877 F.3d 487, 490 (3d Cir. 2017).) In assessing whether a plaintiff has sufficiently pled a sincere religious belief, the Third Circuit has held that "the task of a court is 'to decide whether the beliefs professed by a registrant are sincerely held and whether they are in [the believer's] own scheme of things, religious." *Id.* at 490-91 (quoting *United States v. Seeger*, 380 U.S. 163, 165 (1965)). "Whether a belief is sincerely held is a question of fact." *Geerlings v. Tredyffrin/Easttown Sch. Dist.*, No. 21-4024, 2021 WL 4399672, at *15 (E.D. Pa. Sep. 27, 2021) (citing *Seeger*, 380 U.S. at 185).

In the April 2023 Opinion, the Court dismissed Plaintiff's religious discrimination claims because the Complaint did not identify or specify any religious belief that prevented Plaintiff from

---

[2] The Court incorporates its discussion from the April 2023 Opinion here by reference. (April Op. 3-6.)

[3] As in the April 2023 Opinion, the Court also applies here the same analysis to Plaintiff's religious discrimination claims under Title VII and the NJLAD. (April Op. at 3-4 (citing *Cortes v. Univ. of Med. & Dentistry of N.J.*, 391 F. Supp. 2d 298, 311 (D.N.J. 2005) and *Horgrave v. County of Atlantic*, 262 F. Supp. 2d 393, 410 (D.N.J. 2003)).

4

complying with the COVID-19 Policies. (April Op. 4-5.) In arguing for dismissal of Plaintiff's amended claims, Defendant argues that Plaintiff's newly asserted objections to the COVID-19 Policies are insufficient to demonstrate that her objections are based on religious beliefs. (Def.'s Moving Br. 7-11.) Specifically, Defendant contends that Plaintiff's opposition to its COVID-19 masking and testing requirements was based upon medical, not religious concerns. (*Id.* at 7.)

Determining whether Plaintiff's beliefs are religious requires "circumspection" and presents "a most delicate question." *Africa v. Pennsylvania*, 662 F.2d 1025, 1031 (3d Cir. 1981)).[4] At the same time, in *Africa*, the Third Circuit recognized that this determination does not provide "a blanket privilege" for a plaintiff "to make [her] own standards on matters of conduct in which society as a whole has important interests." *Id.* (quoting *Wisconsin v. Yoder*, 406 U.S. 205, 215-16 (1972)). A "belief in God or divine beings [is] not necessary," as a belief can be considered religious where it "occup[ies] a place parallel to that filled by God in traditionally religious persons." *Fallon*, 877 F.3d at 491 (citing *Welsh v. United States*, 398 U.S. 333, 340 (1970)). Thus, the Third Court evaluates a belief based on the following three-part definition of religion outlined in *Africa*:

> First, a religion addresses fundamental and ultimate questions having to do with deep and imponderable matters. Second, a religion is comprehensive in nature; it consists of a belief system as opposed to an isolated teaching. Third, a religion often can be recognized by the presence of certain formal and external signs.

*Id.* at 491 (quoting *Africa*, 662 F.2d at 1032). Guided by these factors, the Court now assesses whether Plaintiff's opposition to the COVID-19 Policies is based upon a sincerely held religious belief.

---

[4] Although the Third Circuit's decision in *Africa* was decided in the context of the First Amendment, it has frequently been cited in Title VII cases. *See Ulrich v. Lancaster Gen. Health*, No. 22-4945, 2023 WL 2939585, at *13 (E.D. Pa. Apr. 13, 2023).

Here, Plaintiff had already been granted a religious exemption from Defendant's COVID-19 vaccine mandate before seeking exemption from the COVID-19 Policies. (Am. Compl. ¶ 15.) Then, based on her religious beliefs, Plaintiff requested an exemption from the COVID-19 Policies. (*Id.* ¶¶ 16, 21.) The Amended Complaint contends that Plaintiff sincerely holds a religious belief that "her body is a temple, [that] she decries and does all that she can to abolish any and all abuse against life and Mankind, and [that she] decries the suppression of knowledge, wisdom, philosophy, or data which would help Mankind." (*Id.* ¶ 12.) Further, the Amended Complaint alleges that this religious belief conflicted with the COVID-19 Policies where the COVID-19 Policies' requirements:

> [W]ould degrade and humiliate Plaintiff on a daily basis as [they] would force her to participate in something that is against her beliefs and [the COVID-19 Policies] requirement to provide her DNA through [] saliva testing to be utilized by other individuals or entities without her knowledge or consent would be disrespectful to her body.

(*Id.* ¶¶ 18-29, 33, 54.)

Plaintiff is not the first litigant to bring forth religious discrimination claims in this Circuit based upon allegedly religious objections to COVID-19-related policies and procedures. *See, e.g., Aliano v. Township of Maplewood*, No. 22-5598, 2023 WL 4398493, at *34-35 (D.N.J. July 7, 2023) (finding that several plaintiffs did not adequately state a religious-based objection to their employer's COVID-19 vaccine policy); *Winans v. Cox Auto., Inc.*, No. 22-3826, 2023 WL 2975872, at *11-12 (E.D. Pa. Apr. 17, 2023) (dismissing religious discrimination claims based on "Plaintiff's purely scientific, personal, and medical objections to the [COVID-19] vaccine"); *Ulrich*, 2023 WL 2939585, at *15-16 (declining to find a religious basis for plaintiff's request for an exemption from her employer's COVID-19 testing requirement where plaintiff alleged that she believed, *inter alia*, that her body is "a temple of the Holy Spirit"); *Blackwell v. Lehigh Valley Health Network*, No. 22-3360, 2023 WL 362392, at *25 (E.D. Pa. Jan. 23, 2023) (finding that

plaintiff failed to allege sufficient information to claim that plaintiff's sincerely held belief conflicted with her employer's COVID-19 testing requirement); *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465-66 (M.D. Pa. 2022) (holding that plaintiff's stated beliefs about the COVID-19 vaccine and testing were medical, not religious, and therefore could not support a religious discrimination claim); *Geerlings*, 2021 WL 4399672, at *16-24 (declining to conclude that plaintiffs' objections to wearing masks to prevent the spread of COVID-19 were religious in nature). For substantially the same reasons that these courts found that analogous objections to COVID-19-related policies were not religious in nature, this Court reaches the same conclusion here.

First, the Court finds that Plaintiff failed to demonstrate that her allegedly religious beliefs satisfy any of the *Africa* factors. As laid out in the Amended Complaint, Plaintiff's beliefs appear to be a collection of general moral commandments (*i.e.*, "body is a temple," "abolish any and all abuse against life and Mankind," "decries the suppression of knowledge, wisdom, philosophy, or data that would help Mankind"). (Am. Compl. ¶ 12.) Such a "personal moral code" does not address any "fundamental and ultimate question," nor does the Amended Complaint allege that these beliefs caused Plaintiff to think about any "deep and imponderable matters." *Africa*, 662 F.2d at 1032, 1034. "[A] generalized opposition to harming the body, cannot by itself make everything one does to appreciate life part of a religion." *Geerlings*, 2021 WL 4399672, at *24. Nor are Plaintiff's views sufficient to constitute a comprehensive system of beliefs that could be called a religion. *See, e.g., Fallon*, 877 F.3d at 492 (noting that plaintiff's objection to the flu vaccine on the basis that "one should not harm their own body" was an "isolated moral teaching" and by itself, was not religious); *see also Geerlings*, 2021 WL 4399672, at *21 (finding that plaintiff's objection to wearing masks because "he believes it is immoral to harm people and masks harm people" to be "more rooted in medical, not religious, concerns"). Rather, Plaintiff's views "are [her] personal

7

understandings of right and wrong." *Geerlings*, 2021 WL 4399672, at *22; *see also Yoder*, 406 U.S. at 215-16 ("[T]he very concept of ordered liberty precludes allowing every person to make his own standards on matters of conduct in which society as a whole has important interests.") Moreover, Plaintiff provides no additional information regarding the nature of her subjective religious beliefs nor how they are connected to any "formal and external signs" of religion. For instance, her beliefs do not appear to be manifested in "formal services, ceremonial functions, the existence of clergy, structure and organization, efforts at propagation, observation of holidays and other similar manifestations associated with the traditional religions." *Fallon*, 877 F.3d at 492 (citations omitted).

Instead, Plaintiff's basis for refusing to comply with the COVID-19 Policies appears to be a personal or medical belief. *See, e.g., Fallon*, 877 F.3d at 492. For example, Plaintiff's own statements in an August 2021 email correspondence attached as an exhibit to Defendant's Motion to Dismiss suggest that the basis for Plaintiff's objections to the COVID-19 Policies stem from non-religious beliefs. (Ex. A, ECF No. 12-3.)[5] In her email correspondence, Plaintiff asserted that: (1) "there are no studies showing the efficacy of facemasks on preventing viral transmission"; (2) masking has been shown to cause "[a] significant risk of bacterial infection in the mouth, nose, throat, and lungs"; (3) the masking requirement "is suppressing and ignoring the data showing a risk of bacterial infections and health risks stemming from a large $CO2$ load when wearing a

---

[5] While Plaintiff did not submit any documents or exhibits in connection with her complaint or briefing, the Amended Complaint references the August 2021 email correspondence in which Plaintiff requested accommodation from the COVID-19 Policies due to her religious beliefs and explained the basis for her accommodation request. (Am. Compl. ¶¶ 16-19.) Thus, the Court considers the email correspondence in deciding this motion because such communications are "*integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The policy rationale behind the "integral documents" exception is that "it is not unfair to hold a plaintiff accountable for the contents of documents it must have used in framing its complaint, nor should a plaintiff be able to evade accountability for such documents simply by not attaching them to [her] complaint." *Schmidt v. Skolas*, 770 F.3d 241, 250 (3d Cir. 2014).

mask"; and (4) "[w]earing a facemask as a healthy person, given the health risks, would be a dishonor against the body that has been given to me." (*Id.* at 1.) Further, Plaintiff's email opposed the COVID-19 Policies' testing and tracing requirements due to the use of Plaintiff's DNA and genetic data in a way that would cause her to "be tagged and traced like an animal." (*Id.* at 1-2 ("I do not know who or what my personal health data will be used for or where/how it will be stored.").) Plaintiff also questioned the efficacy of FDA-authorized tests. (*Id.* at 1 ("FDA-authorized (and unapproved) diagnostic panels that can differentiate between influenza and coronavirus" means "that my biological sample may potentially be viewed as coronavirus even if I have influenza or just dead fragments of nucleotides in my saliva.").) These objections, which Plaintiff "attempts to 'cloak with religious significance,'" cannot support a claim based on religious discrimination. *Ulrich*, 2023 WL 2939585, at *15 (citing *Africa*, 662 F.2d at 1035); *see also, e.g., Finkbeiner*, 623 F. Supp. 3d 458, 466 (rejecting plaintiff's religious discrimination claim where plaintiff's objections to COVID-19 testing were because "testing is toxic" and "testing in this manner is a bad choice for [her] health and body.")

In sum, the Court finds that Plaintiff's alleged opposition to the COVID-19 Policies is not based on religion and, therefore, is not protectable under Title VII or the NJLAD. As with the original Complaint, Plaintiff again fails to adequately allege a plausible claim for religious discrimination pursuant to Title VII or the NJLAD and therefore, Defendant's motion is granted with respect to those claims. Because the Court has determined that the basis for Plaintiff's claims, such as her allegedly religious objection to the COVID-19 Policies, are not based on a religious belief, further amendments to the Amended Complaint would be futile. *See, e.g., Aliano*, 2023 WL 4398493, at *34; *see also Fallon*, 877 F.3d at 494 (finding that the district court did not abuse its discretion in dismissing the plaintiff's claims with prejudice because the plaintiff "had not proposed any amendments that would cure the fundamental deficiency in his claims—that his

9

anti-vaccination beliefs are not religious in nature" and "it d[id] not appear that [the plaintiff] could do so"). Accordingly, Counts I and III are dismissed with prejudice.

B.  **Retaliation (Counts II and IV)**

Next, the Court turns to Plaintiff's claims for retaliation based on religion. Counts II and IV of the Amended Complaint allege that Defendant retaliated against Plaintiff for "her protected complaints and opposition to Defendant's discriminatory COVID-19 [P]olicies on the basis of her religious beliefs" when Defendant denied her request for religious exemption to the COVID-19 Policies and terminated her. (Am. Compl. ¶¶ 46, 67.) To establish a claim for retaliation under Title VII, Plaintiff must allege that: "(1) [s]he was engaged in protected activity; (2) [s]he was [subject to an adverse job action] subsequent to or contemporaneously with such activity; and (3) there is a causal link between the protected activity and the [subsequent adverse job action]." *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 800 (3d Cir. 2003).

Previously, this Court dismissed Plaintiff's claims for religious discrimination on the grounds that Plaintiff failed to plausibly allege: (1) that Plaintiff held a sincere religious belief that prevented her from complying with the Defendant's COVID-19 policies; and (2) that there was a causal connection between Plaintiff's alleged protected activity and her termination. (*See* April Op. 5-6.)[6] Here, the same flaws the Court identified in the April 2023 Opinion also undermine Plaintiff's amended claims.

The Court again finds that Plaintiff has failed to allege a causal connection between Plaintiff's alleged protected activity and her termination. The Amended Complaint is devoid of factual allegations to support Plaintiff's conclusory statement that Defendant terminated her in retaliation "for her protected complaints and opposition to Defendant's discriminatory COVID-19

---

[6] As the *prima facie* case for retaliation is the same under Title VII and the NJLAD, the Court also analyzes the Title VII and NJLAD claims for retaliation together. *Stallone v. Camden Cty. Tech. Schs. Bd. of Educ.*, No. 12-7356, 2013 WL 5178728, at *3 (D.N.J. Sept. 13, 2013).)

10

policies on the basis of her religious beliefs." (Am. Compl. ¶¶ 46, 67); *see also Mitchell v. C&S Wholesale Grocers, Inc.*, No. 10-2354, 2010 WL 2735655, at *22 (D.N.J. July 8, 2010).

Further, because Plaintiff's retaliation claims are also predicated on her showing a sincerely held religious belief, Plaintiff's retaliation claims also fail for the reasons discussed above. *See Blackwell v. Lehigh Valley Health Network*, No. 22-3360, 2023 WL 362392, at *9 n.8 (E.D. Pa. Jan. 23 2023) (citing case law stating that "an employee fails to state a Title VII retaliation claim based on an employer's denial of a religious accommodation request" where the employee "merely request[s] a religious accommodation" because such act "is not the same as opposing the allegedly unlawful denial of a religious accommodation." (emphasis omitted) (citing *Refat v. Franklin Fin. Servs. Corp.*, No. 19-1507, 2021 WL 2588789, at *6 n.6 (M.D. Pa. June 23, 2021)). Where a plaintiff opposes COVID-19 mandates by an employer under Title VII and is terminated, failure to allege a sincerely held religious belief means the plaintiff fails "to state a claim for religious discrimination . . . or retaliation." *Winans*, WL 2975872, at *3. Accordingly, as with Plaintiff's claims with respect to religious discrimination, the Court finds that Plaintiff's retaliation claims must be dismissed as Plaintiff failed to allege a sincerely held religious belief. Accordingly, Plaintiff's retaliation claims, Counts II and IV, are dismissed with prejudice.

### IV.   CONCLUSION

For the reasons stated above, the Court grants Defendant's Motion to Dismiss in its entirety. The Court finds that the Amended Complaint fails to cure the deficiencies previously identified by the Court in the April 2023 Opinion. Under the circumstances, the Court concludes

that further amendments would be futile, and Plaintiff's claims are dismissed with prejudice. An accompanying Order consistent with this Memorandum Opinion will follow.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**